**Order filed July 12, 2022**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-22-00251-CV**

_____

**IN RE SILVERTIP HOLDINGS, LLC, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**164th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-54805**

---

## ORDER

On April 6, 2022, relator Silvertips Holdings, LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable C. Elliott Thornton to find the date upon which relator received notice or acquired knowledge of the trial court's November 11, 2021 final judgment. Alternatively, relator asks this court to make an implied finding that relator received notice or acquired knowledge of the final judgement on January 20, 2022.

Relator's petition does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. 52.7(a)(2) (requiring relator to provide authenticated transcript of any relevant testimony from any underlying proceeding, including

exhibits offer in evidence, or statement that no testimony was adduced in connection with matter complained).  By this order, the court gives relator **ten days'** notice that the petition will be dismissed for failure to comply with Rule 52.7(a)(2) unless the deficiency is cured.  *See In re Kholaif*, 624 S.W.3d 228, 231 (order), *mand. dism'd*, 615 S.W.3d 369 (Tex. App.—Houston [14th Dist.] 2020) (orig. proceeding); *see also* Tex. R. App. P. 42.3(c); *see generally Mitschke v. Borromeo*, No. 21-0326, 2022 WL 1510317, at *3 (Tex. May 13, 2022) (discussing horizontal stare decisis. "Under this aspect of *stare decisis*, three-judge panels must follow materially indistinguishable *decisions* of earlier panels of the same court unless a higher authority has superseded that prior decision.").

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Spain. (Christopher, C.J., Notice is not required before dismissing a petition for writ of mandamus.  *See In re Kholaif*, 624 S.W.3d 228 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (Frost C.J., dissenting)).